**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

BOBBY JOE DANIELS,

           Plaintiff - Appellant,

  v.

KUZIL RUAN, Lieutenant; et al.,

           Defendants - Appellees.

No. 08-56550

D.C. No. 3:05-cv-00922-L-NLS

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
M. James Lorenz, District Judge, Presiding

Submitted February 16, 2010[**]

Before:    FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

    Bobby Joe Daniels, a California state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging First,

Eighth, and Fourteenth Amendment violations arising from a disciplinary

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

conviction for possession of an inmate-manufactured weapon. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Berg v. Popham*, 412 F.3d 1122, 1125 (9th Cir. 2005), and we affirm.

The district court properly dismissed the retaliation claim because Daniels failed to allege facts indicating that his transfer to the Security Housing Unit at California Correctional Institution "did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005).

The district court properly dismissed the failure to protect claim because Daniels did not allege facts showing that defendants were "deliberately indifferent to a substantial risk of serious harm . . . ." *Jeffers v. Gomez*, 267 F.3d 895, 913 (9th Cir. 2001) (per curiam).

The district court properly dismissed the due process claim challenging several aspects of the disciplinary hearing because success on this claim would necessarily imply the invalidity of the revocation of Daniels's good-time credits. *See Edwards v. Balisok*, 520 U.S. 641, 646-47 (1997).

Daniels's remaining contentions are unpersuasive.

This court is unable to act on Daniels's March 10, 2009 request for an inmate trust account statement, and therefore denies the request.

**AFFIRMED.**